# FIRST STATE BANK OF WARREN, ARKANSAS v. George DIXON d/b/a DIXON LUMBER & BUILDERS SUPPLY

CA 86-477                                    728 S.W.2d 192

Court of Appeals of Arkansas
En Banc
Opinion delivered April 22, 1987

*Robert E. Garner*, for appellant.

*Clint Huey*, for appellee.

DONALD L. CORBIN, Chief Judge. Appellant, First State Bank of Warren, Arkansas, appeals the jury's award of damages to appellee, George Dixon, d/b/a Dixon Lumber Company &

Builders Supply, contending there was not substantial evidence to show that appellee gave appellant a stop-payment order in a sufficient manner as to afford appellant a reasonable opportunity to act. We affirm.

On April 15, 1980, appellee called appellant bank to stop payment on a check he had written earlier that day. He gave appellant's employee, Frances Hargis, the correct account number, check number, date, and payee of the check but misstated the amount of the check as $1,828.73. The correct amount of the check was $1,868.15. A few weeks later, appellee received his bank statement and discovered the bank cashed his check despite his stop-payment order. He notified appellant and requested that appellant credit his account for the amount of the check. Appellant refused, and appellee filed suit for recovery of the check amount.

The record reflects appellee testified that when he gave appellant's employee, Frances Hargis, his stop-payment order, he stated it was his only check written to the payee and that it was drawn for $1,800.00 plus dollars. He stated that he was not advised by anyone at the bank that it needed the exact amount of the check in order to stop payment on it. He testified Frances Hargis advised him not to worry about it, that payment on it was stopped. Frances Hargis testified for appellant that appellant's stop-payment requests were computerized, and appellant had to have the exact amount of a check in order to stop payment. She stated that when appellee called her to stop payment on the check, she told him she would need the exact amount. The information she put on the stop-payment order, she testified, was the figure appellee gave her.

Arkansas Statutes Annotated § 85-4-403 (Add. 1961) provides as follows:

(1) A customer may by order to his bank stop payment of any item payable for his account but the order must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank with respect to the item described in Section 4-303 [§ 85-4-303].

(2) An oral order is binding upon the bank only for

fourteen [14] calendar days unless confirmed in writing within that period. A written order is effective for only six [6] months unless renewed in writing.

(3) The burden of establishing the fact and amount of loss resulting from the payment of an item contrary to a binding stop-payment order is on the customer.

The Committee Commentary to the above statute is pertinent and provides:

2. The position taken by this section is that stopping payment is a service which depositors expect and are entitled to receive from banks notwithstanding its difficulty, inconvenience and expense. The inevitable occasional losses through failure to stop should be borne by the banks as a cost of the business of banking.

■ Appellant contends that the necessity of the exact amount of a check for which a stop-payment order is requested is critical because the computerized system it utilizes is a key feature of identification in its stop-payment procedure. We believe this argument, if allowed to prevail, would be inconsistent with the intent of the General Assembly in enacting Arkansas Statutes Annotated § 85-4-403. The commentary previously quoted indicates that the legislature clearly contemplated the burden being placed on the bank in the event of loss in such instances as the case at bar.

■ The issue of whether or not appellee's stop-payment order was received in such manner as to afford appellant a reasonable opportunity to act upon it was submitted to the jury based upon instructions which included:

If you find that the [appellee], George Dixon, has complied with [Arkansas Statutes Annotated § 85-4-403], then the burden falls on Mr. Dixon to prove the actual amount of his loss; however, if you find that Mr. Dixon failed to give the [appellant] a stop payment order in sufficient time and manner as to afford the [appellant] reasonable opportunity to act, then you must find in favor of the [appellant], First State Bank.

You are instructed the [appellant] admits that on

April 15, 1980, the [appellee] told an employee of the [appellant] he desired to stop payment on his check number 1346 drawn on the [appellant] bank on April 15, 1980, in an amount in excess of $1800.00 payable to Lloyd's Chevrolet-Olds.

You are the sole judges on the issue of whether the [appellant] bank failed to exercise ordinary care in the transaction with the [appellee]. If you find the [appellant] failed to exercise ordinary care, then your verdict should be for the [appellee] in the amount you find by a preponderance of the [sic] [appellee] has lost.

After hearing the conflicting testimony of the parties and the instructions of the court, the jury found for appellee. It is within the province of the jury to believe appellee's theory over appellant's version, and on appeal, we only consider whether there is any substantial evidence to support the jury's findings. *Petrus Chrysler-Plymouth* v. *Davis*, 283 Ark. 172, 671 S.W.2d 749 (1984). We hold there was substantial evidence to support the jury's decision that appellee gave his stop-payment order to appellant in a sufficient manner so as to afford appellant a reasonable opportunity to act upon it.

Affirmed.